FILED

2017 APR 13 PM 12:41

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEX R. COUCH, individually, )
and on behalf of others similarly situated, )
)
Plaintiff, ) CASE NO: 6:17-CV-665-ORL-40-GJK
)
v. ) **CLASS ACTION**
)
HEADQUARTER AUTO GROUP OF ) **JURY TRIAL DEMANDED**
CENTRAL FLORIDA, LTD., d/b/a )
HEADQUARTER HYUNDAI, a Florida )
limited partnership, )
)
Defendant. )

## COMPLAINT

1. This is an action for damages under 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA"). It directly involves the substantive privacy rights the TCPA was enacted to protect. Specifically, in order to attract new customers to its automobile dealership, HEADQUARTER AUTO GROUP OF CENTRAL FLORIDA, LTD., purchased or otherwise obtained a list of cellular telephone numbers, including Plaintiff's, then proceeded to make unsolicited, prerecorded telemarketing calls to those individuals in violation of the TCPA and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction over the claims in this case under 28 U.S.C § 1331. The TCPA is a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 753, 565 U.S. 368, 181 L. Ed. 2d 881 (2012). (Federal courts have § 1331 jurisdiction over claims that arise under federal law).

3. Venue is appropriate in this district pursuant to 18 U.S.C § 1391(b),

because a substantial amount of the Defendant's acts or omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

4. Plaintiff ALEX R. COUCH ("Plaintiff") is a natural person who, at all times relevant herein, is and was a resident of Orange County, Florida.

5. Defendant HEADQUARTER AUTO GROUP OF CENTRAL FLORIDA, LTD. ("Defendant") is a Florida limited partnership whose principal office is located at 3775 North US Highway 17-92, Sanford, FL 32773 and whose registered agent for service of process in the State of Florida is Judy L Farcus-Serra, 5895 NW 167th Street, Miami, FL 33015.

6. Defendant's sole General Partner is Headquarter Management of Central Florida, Inc., a Florida corporation.

## FACTUAL ALLEGATIONS

7. Plaintiff, at all times relevant herein, is and was the user, with sole dominion and control, of a cellular telephone assigned the number, ###-###-3091.

8. On or about February 18, 2017, Plaintiff received a random, unsolicited, prerecorded call on his cellular telephone from Headquarter Hyundai, offering him a free oil change in exchange for looking at their new cars in the interim. All he had to do was press "1" to get a call back to schedule a time slot.

9. The recorded telephone call was, according to Defendant, "simple advertising," intended to encourage Plaintiff to add Headquarter Hyundai to his list of automobile dealers that he would ultimately choose from when making his next vehicle purchase; a "telemarketing" call as defined by 47 C.F.R. 64.1200(f)(12).

10. At no point in time did Plaintiff provide Defendant with his express consent, written or otherwise, to be contacted on his cellular telephone using an artificial or prerecorded voice.

11. Plaintiff has suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." He therefore has standing to bring this action. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543, 578 U.S., 194 L. Ed. 2d 635 (2016). The kind of alleged injury here is particularized and concrete— supported by common law and legislative pronouncements. *See generally Mohamed v. Off Lease Only, Inc.*, No. 1:15-cv-23352-MGC (S.D. Fla. Mar. 22, 2017) (explaining requirements of Article III standing).

### THE TELEPHONE CONSUMER PROTECTION ACT

12. The TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017).

13. Specifically, 47 U.S.C. § 227(b) provides:

> **(1) Prohibitions**
>
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \* \* \*
> **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is

charged for the call;

14. Additionally, 47 C.F.R. § 64.1200(a)(2) provides:

(a) No person or entity may:

* * *

(2) Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.

15. Under § 227(b)(3), a person or entity may bring an action to recover actual monetary loss for a violation of the above prohibition or to receive $500 in statutory damages for each violation (which may be tripled in the event of a willful or knowing violation). Id. at § 227(b)(3). "The TCPA is essentially a strict liability statute" that "does not require any intent for liability except when awarding treble damages." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir.2011) (quoting *Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1311 (11th Cir.2008)).

16. To demonstrate a violation of the TCPA, a Plaintiff need only show that Defendant called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice. *Breslow v. Wells Fargo Bank, NA*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012).

17. While neither the TCPA nor FCC regulations provide a definition for

willful and knowing, most courts have interpreted the willful or knowing standard to require only that a party's actions were intentional, not that it was aware that it was violating the statute. *Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 3d 217, 226 (D. Mass. 2014).

18. With respect to telemarketing, the FCC has issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided to the individual. See 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer — providing permission in writing — to authorize autodialed or prerecorded telemarketing calls...."). *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1123-1124 (11th Cir. 2014).

19. Congress also found in its passage of the TCPA that unregulated telemarketing was "intrusive," a "nuisance," and "rightly regarded" as an "invasion of privacy." *Mims*, 565 U.S. at 372 (internal citations and quotation marks omitted).

## CLASS ALLEGATIONS

20. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

21. Plaintiff brings this action on behalf of a class of similarly situated individuals consisting of:

> **all persons within the State of Florida who, within the four years prior to the filing of this Complaint, received a telephone call made with the use of any automatic telephone dialing system or an artificial or prerecorded voice from Headquarter Hyundai to said person's cellular telephone number, without prior express written consent.**

22. **Numerosity:** Because, according to Defendant, "this is not the first time we have offered this," Defendant has, upon information and belief, placed hundreds, if not thousands, of prerecorded calls to consumers' cellular telephone numbers throughout the State of Florida without their prior express consent— certainly more than forty. *Manno v. Healthcare Revenue Recovery Group, LLC*, No. 11-61357 SCOLA (S.D. Fla. Mar. 26, 2013) (the general rule of thumb in the Eleventh Circuit is that "less than twenty-one is inadequate, more than forty adequate). The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

24. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

25. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a. whether Defendant's conduct violated the TCPA and the regulations promulgated thereunder;

b. whether Defendant systematically made phone calls to persons who did not previously provide Defendant with their prior, express written consent to receive such calls;

c. whether class members are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods of fair and efficient adjudication of this controversy, and joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense which would result from individual prospection of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## COUNT I
## Violation of the TCPA

28. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as fully set forth herein.

29. 47 C.F.R. § 64.1200(a)(2) is a regulation prescribed under 47 U.S.C. § 227.

30. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a cellular telephone service…" 47 U.S.C. § 227(b)(1)(A)(iii).

31. Defendant made unsolicited calls to Plaintiff's and the class members' cellular telephones, using an automatic telephone dialing system **or** an artificial or prerecorded voice.

32. The calls were made without the Plaintiff's and the class members' prior express written consent, and were not made for any emergency purpose.

33. Defendant's violation of the TCPA resulted in an invasion of Plaintiff's privacy and right to enjoy the full utility of his cellular device; a legally protected interest.

34. 47 U.S.C. § 227(b)(3) provides:

> **(3) Private right of action.** A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

35. Defendant's calls violated the TCPA. *See* 47 U.S.C. § 227. Accordingly, Defendant is liable to Plaintiff and the class for statutory damages pursuant to section 227(b)(3)(B).

## COUNT II
## Willful or Knowing Violation of the TCPA

36. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as fully set forth herein.

37. 47 C.F.R. § 64.1200(a)(2) is a regulation prescribed under 47 U.S.C. § 227.

38. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a cellular telephone service…" 47 U.S.C. § 227(b)(1)(A)(iii).

39. Defendant made unsolicited calls to Plaintiff's and the class members' cellular telephones, using an automatic telephone dialing system **or** an artificial or prerecorded voice.

40. The calls were made without the Plaintiff's and the class members' prior, express written consent, and were not made for any emergency purpose.

41. Defendant's violation of the TCPA resulted in an invasion of Plaintiff's privacy and right to enjoy the full utility of his cellular device; a legally protected interest.

42. 47 U.S.C. § 227(b)(3) provides:

> **(3) Private right of action.** A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

43. Defendant's calls were willful or knowing. *See* 47 U.S.C. § 227. Accordingly, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and other members of the Class.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALEX R. COUCH, individually and on behalf of the Class, respectfully requests the following relief:

a. An order certifying the Class as defined above, appointing Plaintiff Alex R. Couch as the representative of the Class, and appointing Scott D. Owens as Class Counsel;

b. Statutory damages of $500 per call for each call placed in violation of the TCPA;

c. Additional damages of up to $1,500 per call for each call held to be placed willfully or knowingly;

d. To the extent provided by law, reasonable attorneys' fees and costs; and

e. Such other and further relief that the Court deems reasonable and just.

Dated: April 10, 2017

Respectfully submitted,

/s/ Scott D. Owens *[signed for Scott D. Owens]*
Scott D. Owens (Fla. Bar No. 0597651)
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, FL 33091
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com